COWART, Judge.
This is an appeal from the dismissal of a complaint by appellees, as owner of a lot in a mobile home subdivision, for a declaratory decree concerning the right of the appellants, Lake Frances Estates, Inc., to assess appellees’ lot under paragraph 39 of a “Declaration of Restrictive Covenants” executed by the original owner and developer of the mobile home park and from a denial of appellant’s claimed right to foreclose the lien of assessments and for attorney’s fees.
In 1971 West Cocoa Company, Inc., as owner, developed a multiple lot mobile home subdivision and recorded a “Declaration of Restrictive Covenants” in paragraph 39 of which the owner reserved the right to make regular annual assessments and special assessments against each lot in the subdivision. The declaration provided that such assessments would constitute a lien on lots with the right in the owner to costs and attorney’s fees upon foreclosure. In 1972 West Cocoa Company, Inc., conveyed certain real estate it owned in the subdivision to Environs Property Management, Inc., and by separate instrument specifically assigned to Environs, the owners’ rights under the Declaration of Restrictive Covenants.
Apparently, Trustees of the National Mortgage Fund had a lien of some type against some of the real property in the subdivision and this lien was foreclosed in 1976 and whatever rights and interests that were foreclosed passed by clerk’s certificate of title to Trustees. Apparently also appellant claims to have succeeded to whatever passed to Trustees under the foreclosure. Appellant conveyed a lot in the subdivision to appellees. Later appellant asserted the right to assess appellees’ lot under the provisions of paragraph 39 of the “Declaration of Restrictive Covenants.” Appellees then brought this action alleging in effect, and demanding that the court find, declare and decree, that while Environs succeeded to both the real property and the right to assess lots contained in paragraph 39 of the Declarations of Restrictive Covenants and while Trustees may have succeeded through foreclosure to the real property and to have conveyed it to appellant, nevertheless Trustees’ lien did not cover the right to assess lots contained in the Declaration of Restrictive Covenants and that right did not pass from Environs to Trustees and on to appellant. Appellant counterclaimed, claiming to have succeeded to the ownership of the right to assess contained in paragraph 39 of the Declaration of Restrictive Covenants and to foreclose a lien against appellee’s lot for the assessment it claims it has the right to make under the Declaration of Restrictive Covenants.
The trial court dismissed appellees’ complaint with prejudice and expressly declined to rule that appellant had succeeded to the right to collect lot assessments under the Declaration of Restrictive Covenants. Further, the court denied appellant’s counterclaim, including the claim for attorney’s fees under the provisions of the Declaration of Restrictive Covenants. The court did adjudicate that appellant had an “equitable right to collect lot assessments from the plaintiffs (appellees) since the defendant *988 (appellant) is and has been providing services for the plaintiffs (appellees) and the other park residents.” The court gave ap-pellees ten days to pay their lot assessment arrearages and ultimately neither entered a money judgment against appellees nor did it foreclose the “equitable” lien that was adjudicated. Appellant’s appeal and appel-lees’ cross-appeal. We reverse.
The parties are entitled to have their legal rights adjudicated in accordance with the issues framed in their pleadings. There was no prayer for any equitable lien.[1] Appellant either has, or has not, legally succeeded to the rights of the “owner” to assess lots, including appellees’ lot, under paragraph 39 of the Declaration of Restrictive Covenants. Although all lots subject to the restrictive covenants were subject to a lien for assessments made against them and that obligation, and the negative restrictions limiting the use of the lots, ran with the title to such lots, nevertheless, the original owner’s right to assess lots under paragraph 39 of the Declaration of Restrictive Covenants is an assignable contractual right that is independent of, and does not “run with,” the ownership of “common facilities serving the subdivision” or any other particular property. If appellee has lawfully succeeded to this independent contractual right to make assessments for services, that legal conclusion should be adjudicated to resolve this and future controversies as to that matter and, in that event, appellant would be entitled to the right to foreclose proper assessments and to attorney’s fees under the provisions of the Declaration of Restrictive Covenants. On the other hand, if appellant has not legally succeeded to Environs’ right to make assessments under paragraph 39 of the Declaration of Restrictive Covenants, appellees are entitled to an adjudication of that conclusion.
REVERSED AND REMANDED for further proceedings.
FRANK D. UPCHURCH, Jr. and SHARP, JJ., concur.

. Any obligation implied in law or equity would, as in quantum meruit and unjust enrichment, be based not on the fact that services were provided, but on the fact that benefits were accepted or received. Of course, such obligations are terminable at will by the recipient.